UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chris Jackson, Tim Dorn, Tim Mohawk,                 No. 25-cv-02688 (KMM/EMB)
and Mathias Mayers,

            Plaintiffs,

                                                                    **ORDER**

v.

Michelle Sexe, *Individual and Official*
*Capacities*, Gary Tallefson, *Individual and*
*Official Capacities*, and Dept. of Humn.
Serv. of Minn,

            Defendants.

This matter is before the Court on the Report and Recommendation ("R&R") of

U.S. Magistrate Judge Elsa M. Bullard (Dkt. No. 23) recommending dismissal of Plaintiffs

Tim Dorn, Tim Mohawk, and Mathias Mayers for failure to prosecute. On June 25, 2025,

Plaintiffs Chris Jackson, Tim Dorn, Tim Mohawk, and Mathias Mayers filed the Complaint

that initiated this lawsuit. (Dkt. No. 1.) Each Plaintiff also filed an Application to Proceed

In Forma Pauperis ("IFP applications"). (Dkt Nos. 2–5.) Judge Bullard reviewed the IFP

applications and, questioning their veracity, ordered on July 1, 2025 that Plaintiffs refile

their IFP applications within 21 days. (Dkt. No. 7.) Twenty days later, Plaintiff Jackson

individually filed a Motion to File a First Amended Complaint ("Motion to Amend"),

including a proposed amended complaint that named only himself as the sole Plaintiff.

(Dkt. No. 13.) In considering the Motion to Amend in her July 29, 2025 R&R,[1] Judge

Bullard noted that Jackson, "acting alone, [could ]not write his fellow plaintiffs out of the

lawsuit" by filing an amended complaint naming himself as the sole plaintiff. (Dkt. No. 23

at 2; Dkt. No. 24 at 2.) Accordingly, Judge Bullard denied Jackson's Motion to Amend and

instead recommended that Plaintiffs Dorn, Mohawk, and Mayers be dismissed from the

case for failure to prosecute, given their failure to refile their IFP applications as required

by the July 1, 2025 Order. (Dkt. 23 at 2–4 (citing Fed. R. Civ. P. 41(b)).) Since the R&R

was issued, Plaintiffs Dorn, Mohawk, and Mayers have not filed updated IFP applications,

responded to the R&R, or otherwise communicated with the Court.

Based on a careful review of the record, the Court finds that Plaintiffs Dorn,

Mohawk, and Mayers should be dismissed without prejudice for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b) ("If the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it."); *see also Henderson v. Renaissance Grand*

*Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion

to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply

with the Federal Rules of Civil Procedure or any court order."); *Sterling v. United States*,

985 F.2d 411, 412 (8th Cir. 1993) (per curiam) (discussing the district court's "inherent

power to dismiss sua sponte a case for failure to prosecute").

---

[1] While referred to here as an R&R, the filing was both an R&R and an Order on
Jackson's Motion to Amend.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.      The Magistrate Judge's Report and Recommendation (Dkt. 23) is

**ACCEPTED**; and

2.      This matter is **DISMISSED** without prejudice as to Plaintiffs Tim Dorn,

Tim Mohawk, and Mathias Mayers for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).


 Date: September 18, 2025                        *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States District Judge

3